UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ELSIE METCALFE, on behalf of herself and all others similarly situated,<br>　　　Plaintiff,<br><br>v.<br><br>GRIECO HYUNDAI LLC,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 22-378-JJM-LDA<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

The question presented is: does a class action waiver in a car leasing agreement that does not contain an arbitration clause violate Rhode Island public policy, to wit, the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-5.2,[1] such that it is unenforceable? Because the Court answers this question in the affirmative, it DENIES Defendant Grieco Hyundai LLC's Motion to Strike Class Action Allegations, or Alternatively to Dismiss the Class Action Claims. ECF No. 29.

FACTS

---

[1] "(b) Persons entitled to bring an action under subsection (a) of [the Deceptive Trades Practices Act] may, if the unlawful method, act, or practice has caused similar injury to numerous other persons similarly situated and if they adequately represent the similarly situated persons, bring an action on behalf of themselves and other similarly injured and situated persons to recover damages as provided for in subsection (a) of this section. In any action brought under this section, the court may in its discretion order, in addition to damages, injunctive or other equitable relief." R.I. Gen. Laws § 6-13.1-5.2(b).

Plaintiff Elsie Metcalfe leased a car from Defendant Grieco Hyundai LLC ("Grieco") in May 2019. The Lease Agreement (ECF No. 33-3) provided that Ms. Metcalfe could purchase the vehicle at the end of the lease for the "residual value" plus a few minor fees for a total of $9,520.80. Ms. Metcalfe purchased the car three years later for $11,520—about $2000 more than the agreed-to price.

Ms. Metcalfe sued for (1) breach of contract; (2) violation of the federal Consumer Leasing Act (15 U.S.C. § 1667a(5) and 12 C.F.R. § 1013.4(i)); (3) violation of the Rhode Island Deceptive Trade Practices Act ("DTPA") (R.I. Gen. Laws § 6-13.1); (4) tortious interference with contract; and (5) unjust enrichment. She seeks to have her case against Grieco proceed as a class action. ECF No. 1 at 7-21. The Lease Agreement contained a class action waiver provision as follows:

> R. CLASS ACTION WAIVER: TO THE EXTENT PERMITTED BY APPLICABLE LAW, YOU HEREBY WAIVE ANY RIGHT YOU MAY HAVE TO BRING OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS LEASE. (Exhibit A).

Grieco moves for the entry of an order striking the class allegations with prejudice, pursuant to Fed. R. Civ. P. 12(f), or dismissing with prejudice the class action claims, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 29. Ms. Metcalfe objects, claiming that the class action waiver contract provision violates public policy and therefore is unenforceable. ECF No. 33.

## DISCUSSION

*Public Policy*

"It is well settled in Rhode Island that 'a contract term is unenforceable only if it violates public policy.'" *NV One, LLC v. Potomac Realty Capital, LLC*, 84 A.3d 800, 807 (R.I. 2014) (quoting *Gorman v. St. Raphael Acad.*, 853 A.2d 28, 39 (R.I. 2004)). "A contract, or a term contained therein violates public policy only if it is: '[1] injurious to the interests of the public, [2] interferes with the public welfare or safety, [3] is unconscionable; or [4] tends to injustice or oppression.'" *Id.* (quoting *City of Warwick v. Boeing Corp.*, 472 A.2d 1214, 1218 (R.I. 1984)).

Statutes passed by the Legislature are the state's declaration of public policy. Thus, acting in contravention of those laws, [a defendant] violates public policy." *Long v. Dell, Inc.*, 93 A.3d 988, 1001 (R.I. 2014).

> [A] statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy. Where a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with the public interest will not be allowed where it would thwart the legislative policy which it was designed to effectuate.

*DiVittorio v. HSBC Bank USA, NA (In re DiVittorio)*, 670 F.3d 273, 287 (1st. Cir. 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704 (1945)).

The DTPA provides that consumers can "bring an action on behalf of themselves *and other similarly injured and situated* persons to recover damages." R.I. Gen. Laws § 6-13.1-5.2(b) (emphasis added). Because the DTPA explicitly allows collective actions, the class action waiver provision in the Leasing Agreement is unenforceable as against public policy in Rhode Island. Class action waivers in similar circumstances have been found to violate public policy in various other

jurisdictions as well. *Killion v. KeHE Distrib., LLC*, 761 F.3d 574, 577 (6th Cir. 2014); *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 893 (S.D. Ohio 2018); *Fiser v. Dell Comput. Corp.*, 188 P.3d 1215, 1220; *Pace v. Hamilton Cove*, 475 N.J. Super. 568, 577 (Super. Ct. App. Div. May 18, 2023).[2]

*Contractual*

Ms. Metcalfe raises a second independent reason that the class action waiver does not apply. The parties entered the Lease Agreement in May 2019. ECF No. 33-3. That document contained the class action waiver. The Purchase Agreement (ECF No. 33-1) and the Installment Contract (ECF No. 33-2) that the parties entered into three years later in May 2022 do not contain a class action waiver. The latter document provides that "[t]his contract contains the entire agreement between you and us relating to this contract." ECF No. 33-2 at 6. Parties can agree to eliminate contract provisions, even arbitration clauses and class waivers, by subsequent agreement covering such issues. These later agreements between the parties on the same subject matter supersede the Lease Agreement. *Biller v. S-H OpCo Greenwich Bay Manor, LLC*, 961 F.3d 502, 515 (1st Cir. 2020); *Jaludi v. Citigroup*, 933 F.3d 246, 256 (3d Cir. 2019). Here, application of this principle means that the Purchase Agreement and the Installment Contract control the transaction, and thus the class action waiver is not applicable here.

---

[2] This is not a case of a class action waiver that is part of an arbitration clause. Therefore, the Federal Arbitration Act is not implicated here. 9 U.S.C. § 1 *et seq.*

## CONCLUSION

Because the class action waiver here violates Rhode Island public policy, and because the Lease Agreement is not the only operative document in the dispute and the Purchase Agreement and the Installment Contract, which do not contain a class action waiver, supersede that Lease Agreement, the Court DENIES Defendant Grieco Hyundai LLC's Motion to Strike Class Action Allegations, or Alternatively to Dismiss the Class Action Claims. ECF No. 29.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 3, 2023